**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CR. No. C-10-821 |
| | § | |
| RENE LAMAR PEREZ, | § | |
| Defendant/Movant. | § | |

## ORDER

Pending before the Court is Rene Lamar Perez' letter motion requests that the Clerk restrict access to the docket sheet in his criminal case and prevent anyone from seeing it or obtaining a copy of it. D.E. 30. The motion is DENIED.

Perez does not state any basis for the relief he seeks. That relief is contrary to the longstanding presumption of openness of public records. The public enjoys a general, common law right to inspect and copy public records and documents, including judicial records and documents. See Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978). "Public access [to judicial records] serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." S.E.C. v. Van Waeyenberghe, 990 F.2d 845, 849 (5th Cir. 1993). In fact, there is a presumption of openness inherent in the nature of a criminal trial. Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 573 (1980).

Although a district court has supervisory authority over its records, it "must use

caution in exercising its discretion to place records under seal." United States v. Holy Land

Foundation for Relief and Development, 624 F.3d 685, 689 (5th Cir. 2010); see also Hearst

Newspapers, L.L.C. v. Guillen, 641 F.3d 168, 181 (5th Cir. 2011) (sentencing hearings are

presumptively open to the public and may be sealed only upon specific findings by the Court).

Furthermore, the E-Government Act of 2002 promoted openness of governmental, records

including judicial records. The intent of the Act was "to provide citizen-centric [ sic ]

Government information and services," and thereby "make the Federal Government more

transparent and accountable." Pub. L. 107-347, 116 Stat. 2899 (Dec. 17, 2002), codified at 44

U.S.C.A. § 3601, note. Section 205(a) of the Act requires federal courts to maintain websites

providing on-line access to "docket information for each case."

The motion (D.E. 30) is DENIED.

It is so ORDERED this 13th day of May, 2013.

HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE